RHONE POULENC, INC., and Rhone Poulenc Chimie de Base S.A., Plaintiffs,

v.

UNITED STATES, Defendant,

and

PQ Corporation, Defendant–Intervenor.

Court No. 87–10–00985.

United States Court of International Trade.

March 23, 1989.

Donohue and Donohue, James A. Geraghty, for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, U.S. Dept. of Justice, Washington, D.C., M. Martha Ries, Office of the Chief Counsel for Intern. Trade, U.S. Dept. of Commerce, Craig L. Jackson, for defendant.

Sosnov & Sosnov, Steven R. Sosnov, Norristown, Pa., for defendant-intervenor.

DiCARLO, Judge:

Pursuant to Rule 56.1 of the Rules of this Court, plaintiffs challenge the final determination of International Trade Administration of the United States Department of Commerce (Commerce) in the 1985 administrative review of the antidumping duty order entered on anhydrous sodium metasilicate (ASM) from France. *Anhydrous Sodium Metasilicate From France; Final Results of Antidumping Duty Administrative Review*, 52 Fed.Reg. 33,856 (Sept. 8, 1987).

The Court has jurisdiction under 28 U.S.C. 1581(c) (1982). The Court finds that Commerce may reject as untimely data submitted in an administrative review after publication of its preliminary determination. The Court also finds that plaintiffs did not raise timely objections to Commerce's failure to adjust the dumping margin to reflect fluctuations in the interest rate and exchange rate of the French franc.

## BACKGROUND

The background is the same as in *Rhone Poulenc, Inc. v. United States*, 13 CIT ——, 710 F.Supp. 341 (1989), which involved a challenge to the 1984 administrative review of the ASM antidumping duty order. Like the 1984 review, Commerce applied in the 1985 review the 60 percent dumping margin from the 1980 investigation as the best information otherwise available after rejecting plaintiffs' submissions as inadequate. Unlike the 1984 review, however, plaintiffs did provide Commerce a computer disc containing some transactional data. Commerce rejected the disc and certain other financial information as untimely submitted.

## DISCUSSION

Plaintiffs assert that Commerce's final determination in the 1985 review was contrary to law because (1) Commerce abused its discretion in rejecting plaintiffs' submission *in toto* and applying the best information otherwise available rule as a punitive measure, (2) Commerce lacks authority to require that respondents submit information on computer tape, (3) assuming plaintiffs' submission was deficient, Commerce should have used the data from the most recent administrative reviews as the best information otherwise available rather than only the 1980 data, and (4) Commerce did not adjust the dumping margin to reflect fluctuations in the exchange rate of the French franc and interest rates between 1980 and 1985.

The Court has already addressed the second and third issues in *Rhone Poulenc, Inc. v. United States*, 13 CIT ——, 710

F.Supp. 341 (1989). Therefore, the only questions remaining are whether Commerce properly rejected plaintiffs' 1985 submission and whether Commerce should have adjusted the dumping margin.

## A. SUFFICIENCY OF PLAINTIFFS' SUBMISSION

Commerce rejected plaintiffs' submission because a computer disc and certain financial information proffered after the preliminary determination were untimely submitted and insufficient. Plaintiffs argue that their submissions were timely and complete and should not have been rejected on these bases.

In a deficiency letter dated June 23, 1986, Commerce asked plaintiffs to supply financial statements for Rhone Poulenc Chimie de Base and its holding company Rhone Poulenc S.A.Conf.R. 2. In the letter, Commerce also requested from plaintiffs a computer tape containing domestic and United States sales data. *Id.* On March 24, 1987, Commerce published its preliminary determination without having received the requested data or tapes. *Anhydrous Sodium Metasilicate From France; Preliminary Results of Antidumping Duty Administrative Review*, 52 Fed.Reg. 9320 (Mar. 24, 1987). On April 13, plaintiffs sent Commerce the requested financial information on Rhone Poulenc Chimie de Base, and on May 11, 1987, plaintiffs submitted a computer disc containing domestic sales data. R. 5; Conf.R. 6. Commerce rejected both submissions as untimely. In addition, Commerce also rejected plaintiffs' disc because it lacked United States sales data, and despite Commerce's instructions on how to prepare computer tapes, it was not compatible with Commerce's computer.

■ The statute is clear in directing Commerce to use the best information otherwise available when "a party or any other person refuses or is unable to produce information requested *in a timely manner.*" 19 U.S.C. § 1677e(b) (1982) (emphasis added); *Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556, 1560 (Fed.Cir.1984). An agency's discretion to fashion its own rules of administrative procedure includes the authority to set and enforce time limits on the submission of data. *See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council*, 435 U.S. 519, 544–45, 98 S.Ct. 1197, 1212, 55 L.Ed.2d 460 (1978); *Avesta AB v. United States*, 12 CIT ——, 689 F.Supp. 1173, 1188 (1988). Commerce may reject as untimely information submitted after publication of the preliminary determination in an administrative review of an antidumping duty order. *Ansaldo Componenti, S.p.A. v. United States*, 10 CIT 28, 36, 628 F.Supp. 198, 204 (1986).

## B. DUMPING MARGIN ADJUSTMENTS

■ Plaintiffs mention "tactical" reasons for not raising at the administrative level Commerce's failure to adjust the dumping margin for fluctuations in the interest rate and exchange rate of the French franc in the 1985 review. "A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the [agency] of an opportunity to consider the matter, make its ruling, and state the reasons for its action." *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952).

As in *Rhone Poulenc, Inc. v. United States*, 13 CIT ——, 710 F.Supp. 341 (1989), the Court finds that there is no mistake or oversight by any of the parties nor any applicable exceptions to the doctrine of exhaustion of administrative remedies. Accordingly, the Court finds that plaintiffs failed to exhaust their administrative remedies in this administrative review and should be precluded from raising the issue for the first time in this Court.

## CONCLUSION

The Court finds Commerce's final determination in 52 Fed.Reg. 33,856 (Sept. 8, 1986) to be supported on the administrative record and in accordance with law.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now in conformity with that decision,

IT IS HEREBY ORDERED that this action is dismissed.